John Dee Spicer
State Bar No. 18930500
Leah Duncan
State Bar No. 24114061
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7310
Fax: (214) 573-7399
Email: lbundage@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 21-42957-elm7 |
| | § | |
| TEXAS COMM. COMPANY, LLC, | § | Hearing Date: July 6, 2022 |
| | § | Hearing Time: 1:30 P.M. |
| Debtor. | § | |
| | § | |

# TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE

### NOTICE TO ALL INTERESTED PARTIES:

**A HEARING ON THE ABOVE REFERENCED MOTION IS SCHEDULED TO BE HELD BEFORE THE HONORABLE BANKRUPTCY JUDGE EDWARD L. MORRIS AT ROOM 204, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS 76102 ON <u>JULY 6, 2022, AT 1:30 P.M.</u> WHICH IS AT LEAST TWENTY-ONE (21) DAYS OR MORE FROM THE DATE OF SERVICE HEREOF.**

**ANY OBJECTION OR RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, FORT WORTH, TX 76102, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY ON OR BEFORE <u>JUNE 24, 2022</u>, WHICH DATE IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF. IF AN OBJECTION OR RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING/RESPONDING PARTY.**

**IF NO OBJECTION OR RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:

John Dee Spicer, the Chapter 7 Trustee (the "Trustee"), files this **Trustee's Motion to Sell Property of the Estate** (the "Motion") for entry of an order, substantially in the form of the proposed order attached hereto, and in support would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (N). Authority to grant the relief requested is provided by 11 U.S.C. § 363 and Bankruptcy Rule 6004.

## FACTUAL BACKGROUND

### A. The Debtor's Previous Chapter 11 Case

2. Texas Comm. Company, LLC (the "Debtor") filed a voluntary chapter 11 petition on February 6, 2019, under Case No. 19-40571-mxm11 (the "Chapter 11 Case").

3. On June 7, 2019, Ally Financial ("Ally") filed its *Motion for Relief from the Automatic Stay* [Docket No. 70 filed in the Chapter 11 Case] ("Ally's MFRS")[1] requesting the court's approval to take possession of and to enforce its security interest in the following ten vehicles: 2008 Ford F-750, VIN: 3FRXF75S68V072293; 2018 Chevrolet Silverado, VIN: 1GCRCNECXJZ213744; 2015 Chevrolet Silverado, VIN: 1GB4KYCGXFF532644; 2014 Chevrolet Silverado, VIN: 1GC1KXCG6EF185983; 2018 Chevrolet Silverado, VIN: 1GC1CUEG1JF180435; 2014 Chevrolet Silverado, VIN: 1GB4CZC80EF170768; 2007 Chevrolet C4500, VIN: 1GBE4C1G57F423627; 2017 Ford F150, VIN: 1FTFW1RG4HFA97436; 2017 Chevrolet Express, VIN: 1GCWGAFF2H1346841; and 2015 Chevrolet Silverado, VIN: 1GB4KYCG0FF534399 ("Ally's Collateral"). In Ally's MFRS, it asserted that the "Debtor is

---

[1] All pleadings referenced under this section of the Motion, "A. The Debtor's Previous Chapter 11 Case", shall refer to the pleadings filed in the Chapter 11 Case.

attempting to include the Collateral[2] in the bankruptcy assets; however, the titles to the Collateral show that Debtor Texas Comm. Company LLC is not the owner of the Collateral." [*See* paragraph 14 to Ally's MFRS].

4. In response to Ally's MFRS, the Debtor filed its *Debtor's Objection to Motion for Relief from Stay* [Docket No. 79 in the Chapter 11 Case[3]] ("Debtor's Objection to Ally's MFRS"). In response to Ally's allegation that the Debtor is not the owner of Ally's Collateral, the Debtor alleged the following: "Debtor admits that the title to the vehicles are in the name of its owner. However, the vehicles were purchased for the benefit and use of the Debtor and are necessary to an effective reorganization of the Debtor." [*See* paragraph 14 to Debtor's Objection to Ally's MFRS][4].

5. As a result of Ally's MFRS and the Debtor's Objection to Ally's MFRS, the Debtor and Ally reached an agreement for settlement in which the Debtor was required to maintain continuous insurance coverage, listing Ally Financial as loss payee, and authorized and directed to pay Ally for Ally's Collateral [Docket No. 88 in the Chapter 11 Case[5]].

6. On information and belief, the Debtor obtained insurance coverage through National General Auto, Home & Health Insurance ("National General") to cover Ally's Collateral, for the policy period of 12/6/2018 – 12/6/2019, with policy number ending in 28255[6] (the "Insurance Policy").

---

[2] As defined in the Ally's MFRS.
[3] Filed on June 21, 2019.
[4] Based on a title search, the Vehicles (as defined later in this Motion) are either titled in the name of the Debtor or in the name of Steven Wayne Robinson ("Robinson"). Despite some of the Vehicles being titled in the name of Robinson, the Debtor and Robinson previously have taken the position that the Vehicles are property of the Debtor. Additionally, payments (outlined later in this Motion) for the Vehicles and the premiums on the insurance policy to cover the Vehicles were made by the Debtor.
[5] *Agreed Order* entered on July 12, 2019.
[6] As part of the Trustee's request to the Debtor (outlined later in this Motion), the Debtor provided a copy of the Insurance Policy.

**Trustee's Motion to Sell Property of the Estate**

7. The Debtor's confirmed Plan in the Chapter 11 Case [Docket Nos. 67, 86, and 90 filed in the Chapter 11 Case[7]], reflects the Debtor[8] is to pay Ally[9] in full for Ally's Collateral in the monthly amount of $5,433.10[10] over sixty (60) months.

8. Upon review of the Debtor's Quarterly Operating Reports and Quarterly Bank Reconcilement [Docket Nos. 109, 126, 128, 134[11]] (collectively, the "Quarterly Reports"), it appears the Debtor made – at minimum – the below listed payments to Ally for Ally's Collateral:

| Date on Check | Description | Amount | Docket No. Reflecting Same |
|---|---|---|---|
| Unable to decipher | **Payable to:** Ally Bank **Check No.:** 30817 **Memo:** 19-45071-mxm 60 payments @ $3,325.38 | $3,325.38 | 126 |
| 11/15/2019 | **Payable to:** Ally Financial **Check No.:** 30864 **Memo:** 19-45071-mxm 60 payments @ $2,759.64 | $2,759.64 | 126 |
| 11/19/2019 | **Payable to:** Ally Bank **Check No.:** 30891 **Memo:** 19-45071-mxm 60 payments @ $3,325.38 | $3,325.38 | 126 |
| 1/11/2020 | **Payable to:** Ally Bank **Check No.:** 31090 **Memo:** 19-45071-mxm 60 payments @ $3,325.38 | $3,325.38 | 128 |
| 1/21/2020 | **Payable to:** Ally Bank **Check No.:** 31110 **Memo:** 19-45071-mxm 60 payments @ $3,325.38 | $2,988.90 | 128 |
| 1/21/2020 | **Payable to:** Ally Financial | $8,062.68 | 128 |

---

[7] *Plan of Reorganization Dated June 6, 2019, and* filed on June 6, 2019 [Docket No. 67]; *First Modification to Plan of Reorganization Date June 6, 2019*, and filed on July 11, 2019 [Docket No. 86]; and *Order Confirming Debtor's Plan of Reorganization Dated June 6, 2019, as Modified, and Approving Disclosure Statement Dated June 6, 2019*, was entered on July 17, 2019 [Docket No. 90].
[8] This further reflects the Debtor maintained control over the Vehicles despite some titles to the Vehicles being held by Robinson.
[9] Ally is referenced as both "Ally Bank" and "Ally Financial".
[10] Ally is listed as two separate classes with the following payments listed: 1) Class 3 Claim, payment of $2,679.62 a month; and 2) Class 4 Claim, payment of $2,753.48 a month. Total amount for both classes is $5,433.10 ($2,679.62 + $2,753.48 = $5,433.10).
[11] *Quarterly Operating Report and Quarterly Bank Reconcilement* [Docket No. 109] was filed on October 21, 2019; *Quarterly Operating Report and Quarterly Bank Reconcilement* [Docket No. 126] was filed on January 22, 2020; *Quarterly Operating Report and Quarterly Bank Reconcilement* [Docket No. 128] was filed on April 15, 2020; and *Quarterly Operating Report and Quarterly Bank Reconcilement* [Docket No. 134] was filed on July 20, 2020.

| | | | |
|---|---|---|---|
| | **Check No.:** 31111<br>**Memo:** 19-45071-mxm 60<br>payments @ $2,759.64 | | |
| 3/4/2020 | **Payable to:** Ally Financial<br>**Check No.:** 31242<br>**Memo:** 19-45071-mxm 60<br>payments @ $2,759.64 | $2,759.64 | 128 |
| 3/13/2020 | **Payable to:** Ally Bank<br>**Check No.:** 31277<br>**Memo:** 19-45071-mxm 60<br>payments @ $3,325.38 | $3,325.38 | 128 |

9. The Quarterly Reports reflect the below listed payments made to National General, which on information and belief were for the Insurance Policy covering Ally's Collateral[12]:

| Date of Transaction | Description | Amount | Docket No. Reflecting Same |
|---|---|---|---|
| 7/30/2019 | National General Payment *****28255-06 | $3,166.58 | 109 |
| 8/23/2019 | National General Payment *****28255-06 | $100.40 | 109 |
| 9/6/2019 | National General Payment *****28255-06 | $6,473.32 | 109 |
| 11/8/2019 | National General Payment *****28255-06 | $3,421.38 | 126 |
| 12/10/2019 | National General Payment *****28255-06 | $3,995.30 | 126 |
| 1/24/2020 | National General Payment *****28255-07 | $3,624.17 | 128 |
| 2/25/2020 | National General Payment *****28255-07 | $3,624.17 | 128 |
| 3/27/2020 | National General Payment *****28255-07 | $3,624.17 | 128 |
| 4/27/2020 | National General Payment *****28255-07 | $3,624.17 | 134 |
| 5/27/2020 | National General Payment *****28255-07 | $3,613.87 | 134 |
| 6/26/2020 | National General Payment *****28255-07 | $3,613.83 | 134 |

---

[12] The numbers "28255" in the description of the withdrawal match the same last five digits of the Insurance Policy provided to the Trustee by the Debtor.

**Trustee's Motion to Sell Property of the Estate**      **Page 5 of 12**

10. On July 21, 2020, the *Order Granting Application to Enter Final Decree and Close Case* [Docket No. 135] was entered and the Chapter 11 Case was closed (the "Chapter 11 Close Date").

**B. The Debtor's Current Chapter 7 Filing**

11. Approximately five (5) months after the Chapter 11 Close Date, or on or about December 22, 2022, the Debtor filed its voluntary chapter 7 petition.

12. The Trustee is the duly appointed and acting Chapter 7 Trustee in this case.

13. On January 11, 2022, the Debtor filed its Schedules [Docket No. 13] (the "Schedules").

14. The Debtor scheduled the below listed vehicles (collectively, the "Vehicles") on its Schedules[13]:

    a. 2008 Ford F-750, VIN: 3FRXF75S68V072293;

    b. 2018 Chevrolet Silverado, VIN: 1GCRCNECXJZ213744;

    c. 2015 Chevrolet Silverado, VIN: 1GB4KYCGXFF532644;

    d. 2014 Chevrolet Silverado, VIN: 1GC1KXCG6EF185983;

    e. 2018 Chevrolet Silverado, VIN: 1GC1CUEG1JF180435;

    f. 2014 Chevrolet Silverado, VIN: 1GB4CZC80EF170768;

    g. 2007 Chevrolet C4500, VIN: 1GBE4C1G57F423627;

    h. 2017 Ford F150, VIN: 1FTFW1RG4HFA97436; and

    i. 2015 Chevrolet Silverado, VIN: 1GB4KYCG0FF534399.

---

[13] Ally's Collateral from the Chapter 11 Case included ten (10) vehicles. Of those, only nine (9) vehicles were scheduled on the Debtor's Schedules and, as such, are defined as the Vehicles herein. It is these nine Vehicles that are included in this Motion.

15. The Debtor's Schedules indicate that Ally, with the mailing address of PO Box 78234, Phoenix, AZ 85062-8234 has a blanket security interest in the Vehicles. The amount scheduled as owing to Ally as of the petition date is $87,300.00 ("Ally's Lien")[14].

16. The Trustee has made numerous requests to Ally and the Debtor regarding the Vehicles. Below is a summary of such requests and any responses received:

   a. January 18, 2022: At the Meeting of Creditors, the Trustee requested from the Debtor's representative – among other information – addresses where the Vehicles are located (Texas and Oklahoma) and a copy of any insurance policy carried within two years of the Debtor filing this case ("First Request to Debtor").

   b. February 24, 2022: Call to Debtor's counsel, from the Trustee's counsel, regarding documents still needed from First Request to Debtor ("Second Request to Debtor").

   c. March 3, 2022: Email to Debtor's counsel, from the Trustee's counsel, regarding documents still needed from First Request to Debtor ("Third Request to Debtor").

   d. March 4, 2022: Email to Debtor's counsel, from Trustee's counsel, regarding documents still needed from First Request to Debtor and requesting location of keys for the Vehicles ("Fourth Request to Debtor").

   e. March 7, 2022: The Trustee received information regarding the location of the Vehicles and keys, and a copy of the National General Insurance Policy for the Vehicles.

   f. March 8, 2022: Call to Ally, from Trustee's counsel, regarding the Vehicles ("First Request to Ally").

---

[14] According to a title search of the Vehicles, there is a security interest in all Vehicles held by either GMAC or Ally Financial. On information and belief, Ally is the successor in enterest to GMAC and Ally is currently holds a security interest in the Vehicles.

g. March 9, 2022: Call and email to Ally, from Trustee's counsel, regarding First Request to Ally. Also requested Ally to provide the following to the Trustee: a copy of the agreement between the Debtor and Ally as it relates to the Vehicles, outstanding balance on the Vehicles, whether Ally intends to make an appearance in the bankruptcy case, and whether Ally intends on picking up the Vehicles. Response deadline provided to Ally: March 15, 2022 ("Second Request to Ally").

h. March 17, 2022: Email to Ally, from Trustee's counsel, regarding the Second Request to Ally and advising Ally that, absent a response from Ally, the Trustee would proceed with selling the Vehicles and requesting an administrative expense surcharge (as approved by the court) against any and all funds received from such sale. Response deadline provided to Ally: Monday, March 21, 2022 ("Third Request to Ally").

i. March 23, 2022: Trustee's counsel sent a letter, via email, to Debtor's counsel requesting – in part – copies of any and all Certificates of Titles in the Debtor's possession for all vehicles or equipment including the Vehicles subject to this Motion. Response deadline, for this portion of the letter, provided to Debtor was March 30, 2022 ("First Letter Request to Debtor").

j. March 30, 2022: In response to First Letter Request to Debtor, the Debtor's representative stated it does not have any titles. A spreadsheet provided by the Debtor appears to reflect the following are in possession of some titles: 1) Mary; 2) Allied; 3) Steve; and 4) Ally.

k. May 5, 2022: Trustee's counsel sent a second letter, via email, to Debtor's counsel inquiring – in part – about the titles that "Steve" has possession of, as reflected by

the spreadsheet provided by the Debtor on March 20, 2022. Response deadline: May 11, 2022 ("Second Letter Request to Debtor").

l. March 30, 2022: Trustee's counsel sent letter, via first class mail, to Ally (to the addresses listed below), requesting a copy of the documents creating any financial obligation between the parties, as well as any document attaching and perfecting a security interest (including as reflected on Vehicle titles) in the Vehicles, as referenced in the Debtor's Schedules; the payoff amount for each vehicle; and the identification of any Vehicle in which a secured obligation has been paid in full. Ally was informed again of the Trustee's intent to sell the Vehicles and to seek a surcharge against the sales proceeds for administrative expenses. A copy of the following documents were included in the letter: 1) copy of the emails sent in Second Request to Ally and Third Request to Ally; 2) Notice of Chapter 7 Bankruptcy Case; 3) the Order Granting Trustee's Application for Employment of Attorney; and 4) the Trustee's Application for Employment of Auctioneer. Response deadline provided to Ally: April 8, 2022 ("Fourth Request to Ally").

   i. Ally; PO Box 78234, Phoenix, AZ 85062-8234; and
   ii. Ally; PO Box 130424, Roseville, MN 55113-0004.

m. April 1, 2022: Call and email to Newark Law Firm[15] ("Newark"), from the Trustee's counsel, regarding the Vehicles and the unsuccessful attempts to contact Ally. Trustee emailed Newark a copy of the letter from Fourth Request to Ally.

n. April 4, 2022: Newark acknowledged receipt of email received and stated Ally was "looking into this matter."

---

[15] Newark represented Ally as a creditor in a different bankruptcy case.

**Trustee's Motion to Sell Property of the Estate**

    o. April 12, 2022: Call and email to attorney Patrick M. Lynch[16] ("Ally's Attorney in the Chapter 11 Case"), from the Trustee's counsel, regarding the Vehicles. Trustee's email to Ally's Attorney in the Chapter 11 Case included a copy of the letter sent in Fourth Request to Ally.

    p. April 18, 2022: The Trustee's counsel left a voicemail for Ally's Attorney in the Chapter 11 Case to follow up regarding the Vehicles.

    q. April 19, 2022: Call from the Trustee's counsel with Ally's Attorney in the Chapter 11 Case regarding the Vehicles. Update provided: Ally's Attorney in the Chapter 11 Case has not heard back from Ally.

    r. May 11, 2022: In response to the Second Letter Request to Debtor, the Debtor's representative stated, "No titles. The list you are referring to was from 2019 chap 11."

17. The Trustee has been unsuccessful in his attempts to resolve the issues surrounding the Vehicles even after undertaking the communications set out in Paragraph 16.

18. The Trustee has put Ally on notice numerous times of his intent to sell the Vehicles and to seek a surcharge against the sales proceeds for administrative expenses. Ally has failed to respond to any of the Trustee's attempts and has not made an appearance in this case.

### RELIEF REQUESTED

19. On April 19, 2022, the Court authorized the Trustee to employ Rosen Systems, Inc. to serve as his auctioneer for the purpose of selling the Vehicles [Docket No. 32].

20. The Trustee desires to sell the Vehicles, pursuant to 11 U.S.C. § 363(b), at an online auction to the highest bidder free and clear of liens (including but not limited to Ally's Lien),

---

[16] Patrick M. Lynch represented Ally in the Chapter 11 Case.

claims, and encumbrances with all liens, claims, and encumbrances, if any, attaching to the sale proceeds after the Trustee surcharges such proceeds for his administrative expenses.

21. The online auction is to be conducted by Rosen Systems, Inc. (www.rosensystems.com) with bidding to start on July 12, 2022. Bidding will have a rolling close on July 19, 2022 starting at 10:00 A.M., with one lot per minute closing until all lots are sold.

22. Inspection will take place by appointment on July 18, 2022 from 10:00A.M. through 3:00 P.M. at 2323 Langford Street, Dallas, Texas 75208. **Sale of the Vehicles in the auction is as is, where is**. The Trustee requests that this Court enter an order authorizing the sale of the Vehicles at auction to the highest bidder, free and clear of liens (including but not limited to Ally's Lien), claims, and encumbrances, pursuant to 11 U.S.C. § 363(f), with all liens, claims, and encumbrances, if any, attaching to the proceeds of such sale after the Trustee surcharges such proceeds for his administrative expenses. The Trustee requests that this Court authorize the Trustee to sign any documentation and take all actions necessary to effectuate the auction and sale of the Vehicles, including obtaining new titles for all Vehicles[17]. The Trustee further requests that this Court allow waive the fourteen (14) day stay pursuant to Rule 6004(h) and authorize the sale effective immediately upon entry of an order approving this Motion.

23. Wherefore, premises considered, the Trustee requests that this Court enter an order authorizing the sale of the Vehicles by auction, free and clear of liens (including but not limited to Ally's Lien), claims, and encumbrances, pursuant to 11 U.S.C. § 363(f), with all liens, claims, and encumbrances, if any, attaching to the proceeds of such sale after the Trustee surcharges such proceeds for his administrative expenses. The Trustee further requests that this Court waive the

---

[17] Due to the Trustee's inability to obtain the Titles of the Vehicles after numerous attempts (as reflected in paragraph 16 of this Motion), the Trustee will need to request new titles from the Texas Department of Motor Vehicles ("Texas DMV"). An alternative option to obtain titles of a vehicle, available by the Texas DMV, is with a court order.

fourteen (14) day stay pursuant to Rule 6004(h) and authorize the sale effective immediately upon entry of an order approving this Motion.

Respectfully submitted,

/s/ Leah Duncan
John Dee Spicer
State Bar No. 18930500
Leah Duncan
State Bar No. 24114061
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7310
Fax: (214) 573-7399
Email: lbundage@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee